710

DE LA TORRE & RAMÍREZ, Plaintiffs and Appellees, *v.* JOSE-FINA BENGOECHEA Y MACÍAS, Defendant and Appellant.

No. 5858. Argued April 20, 1934.—Decided December 2, 1934

*Pellón & Ayuso* for appellant. *De la Torre & Ramírez, suo jure.*

MR. JUSTICE WOLF delivered the opinion of the Court.

Fundamentally most of the questions involved in this appeal are matters of fact although some of them relate to questions of law. The case was submitted to this court on April 20, 1933. By reason of pending cases which had preference it became impossible to decide a case of this importance before the court adjourned in August, 1933. In said

month and year the court changed its quarters from the Dominican Convent to the Capitol. When in due course the record came to be examined the typewritten notes certified by the stenographer and approved by the court were nowhere to be found. Upon inquiry of the appellant we ascertained that the stenographer's notes were filed in this court in two typewritten volumes. When notified of the absence of the stenographer's notes, the appellant sent to the secretary of this court his own copy of said notes also certified by the stenographer. As the conclusion we have reached is an affirmance of the judgment we have availed ourselves of this certified copy and shall proceed to discuss the case as if we had a due record before us.

■ We are inclined to agree with the appellant and her admissions that the second cause of action established by the plaintiffs was abandoned. Under the seventh and eighth assignments of error the appellant alleges that the court erred in not permitting an inquiry on the reasonableness of the fees claimed by the appellees. The first cause of action was upon the theory of an account stated and agreed upon and if the plaintiffs-appellees were right, no question of the reasonableness of the services could arise in the court below or in this appeal. The sole question would then be as to whether or not there was such an agreement or perhaps whether there could be such an agreement and other matters relating to the inclusion or exclusion of evidence. The second cause of action was abandoned, and hence all questions as to the reasonableness of the services disappear from the case.

■ Before we had realized that the evidence was necessary or was missing we had examined the briefs of the parties and we had and have continued to have considerable difficulty with the first assignment of error which is as follows:

"The lower court committed an evident, manifest and grave error to the prejudice of the appellant in holding that the conduct of Antonio B. Macías as attorney-in-fact of the defendant constituted by itself her acceptance of the bill for $39,025.00 which the plain-

tiffs presented to the defendant and an obligation on her part to pay the balance thereof amounting to $16,426.50, the lower court not taking into account the absence of any nexus creating such obligation which could not be other than as authentic document subscribed before a notary by the attorney-in-fact and whose existence was not shown, the trial court thus infringing the third paragraph of Subdivision 6 of Section 1247 of the Civil Code, as amended by the Legislature of Puerto Rico on March 7, 1912.''

Section 1247 provides:

''The following must appear in a public instrument:

''1. Acts and contracts the object of which is the creation, conveyance, modification, or extinction of rights on real property.

''2. Leases of the same property for six or more years, provided they are to the prejudice of third persons.

'3. Contracts to govern property belonging to the conjugal partnership, and the creation and increase of dowries, whenever it is intended to enforce them against third persons.

''4. The assignment, repudiation, and renunciation of hereditary rights or of those of the conjugal partnership.

''5. The general power of attorney to institute lawsuits and the special powers of attorney to be presented in suits; the power of attorney to administer property and any other power of attorney, the object of which is an act drafted or which is to be drafted in a public instrument, or which may prejudice a third person.

''6. The assignment of actions or rights arising from an act contained in a public instrument.

''All other contracts, in which the amount of the consideration of one or both of the two contracting parties exceeds three hundred dollars, must be reduced to writing even though it be a private contract.

''In all cases, contracts made through agents shall be made by means of authentic documents, the Municipal Judges and Justices of the Peace being hereby empowered in the absence of a notary, to certify to the authenticity of said contracts, in the manner determined by ''An Act to establish a registry of affidavits or declarations executed before notaries and other public officers'', approved March 12, 1908.

''Notwithstanding the provisions of the preceding paragraph, commercial contracts made by means of correspondence and all those in

which the formality of the authentic document may cause prejudicial delay to the nature and rapidity of mercantile trafic shall be valid.''

The appellees say that this section is like other sections of the Civil Code which require formal documents to be executed between the parties. They insist that a contract between the parties is valid in whatever form it may be executed, according to the terms of the Civil Code, and that only when some matter exterior to the relation of the parties is concerned does the necessity for a written contract arises. Under the facts before us there is no question that the client Josefa, known as Josefina Bengoechea y Macías, gave a power of attorney to her brother Antonio M. Macías to act for her in all business matters or in matters relating to the Estate of Riera. The appellant does not question this. She merely asserts that the contract between the attorneys-at-law and the attorney-in-fact with respect to a stated account should have been in writing in order to comply with the terms of Section 1247; that when attorneys-at-law are employed and they reach an agreement with their client as to fees, this is in the nature of, or specifically is, a new contract and they can not rely merely upon the relation of attorney and client. If they would rely upon the relation of attorney and client alone they might and probably would have to prove a *quantum meruit*. Whatever force may be given to the contention of the appellees that Section 1247 only relates to the formalization and not to the existence of the contract, as the terms of Section 1247 are so strongly expressed, as the objection was not duly presented in the court below, and as the decision of this question is not necessary for the disposition of the case, we shall refrain from considering it.

We are disposed to give attention, as maintained by the appellees, to the fact that to raise this question now would be a change of the trial court's theory. The case went to hearing in the district court and the contention principally

714

was as to whether Mr. Ramírez had agreed upon a reduction of $15,000 on an account of $39,000, which had been reduced by payments of about $10,000 from the appellant, and $12,500 paid by order of the court on account of the minors in the case. There is no dispute about the $12,500. The appellant voluntarily admits that something over $1,000, namely $1,400, would still be due the attorneys and that the appellant is willing to pay them that amount. It becomes evident therefore, that the right of the appellees to rely upon their verbal agreement with Antonio B. Macías was never raised at the trial of this case.

██ We have no question that the existence of this stated account did not merely involve a matter of substance but one of evidence. The appellant herself compares Section 1247 to the Statute of Frauds existing in England and the United States. This Statute of Frauds is notoriously a matter of evidence. At a trial in the United States if proof is presented of a fact and the opposite party does not invoke the Statute of Frauds, the evidence is available to the party presenting it more or less in the same way as was decided in *Falero* v. *Falero*, 15 P.R.R. 111, and the cases that followed it.

The plaintiffs had a prima facie right in the absence of objection to present any evidence to show the existence of a stated account between the parties and upon her failure to object, the defendant waived any right that she might have had.

██ It also becomes apparent that all the parties acted in the case as if the sole person to be consulted was Antonio B. Macías, whose authority was recognized by the defendant and appellant, and we think that appellant would be estopped from attacking the right of her brother and attorney-in-fact to treat and settle with the lawyers in this case. Indeed, she recognized in this case his right to settle the remaining $1,400.

A large part of the trial of this case had to do with whether Mr. Ramírez agreed upon a reduction of about

$15,000. It was his positive declaration that he had made no reduction. He was contradicted by Antonio B. Macías, who testified that when he went to see Ramírez about the $39,000 the latter said: "This is an exageration of Paco", and according to witness the $15,000 was stricken. To support the statement of Macías the defendant introduced the testimony of Cantero who had intimate and familiar relations with all the parties. The court did not believe the statements of this witness and we do not find enough in the evidence to say that the court was in error despite all the familiar relations that the supposed disinterested witness had with the parties, as the appellant ably discusses.

As admitted by Ramírez on the witness stand the account of $39,000 presented by him to Macías showed certain marks made by the said Ramírez and he admitted some of them. When the written account was presented to the court he admitted that certain marks now on the offered account were his own. He denied that certain other figures indicating a deduction were in his handwriting. Félix Vega Nevarez was called as a handwriting expert to prove that all the handwriting on the sheet was made by the same person. The court did not believe him and again we are not sufficiently convinced that the court was mistaken. Some of the reasons of the court might also be added especially one to the effect that it would seem impossible that Ramírez, without consent of his associate, would suddenly and instantly reduce an account of $39,000 by marking off $15,000 of it.

With respect to the sixth assignment of error we do not find that the court relied alone in the failure of Antonio B. Macías to answer the various letters of the attorneys asking for a settlement.

There is another thing to be noted in examining the record. After the defendant had closed her case, plaintiffs attempted to put Mr. Ramírez on the stand again to contradict what Macías and the other witnesses had said. The appellant objected on the ground that no foundation had been laid

for attacking the veracity of Macías in part; that he was on the witness stand and the plaintiffs had missed the opportunity to lay the foundation for such attack. As the appellees have made no point of this and as they are not appellants, we shall not make much comment upon the exclusion by the court of the offered testimony. Nevertheless we are of the opinion that Ramírez ought to have been allowed to testify that the facts were not as stated by any of the witnesses against him. We think it was proper rebuttal and, therefore, if the court without any contradictory statements on the part of Ramírez disbelieved the statements of the witnesses against him, there is less reason to consider that the court was not right.

We do not think that costs should be imposed.

Under these circumstances the judgment should be modified so as to exclude costs and as modified affirmed.